FILED

10/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0483

DA 23-0483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 231N

HAZEL NOONAN,

       Plaintiff and Appellant,

  v.

JOHN MICHAEL CONNORS,

       Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2023-271
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Michael C. Doggett, Doggett Law Offices, PLLC, Helena, Montana

       For Appellee:

       Christopher R. Betchie, Hull, Swingley & Betchie, P.C., Helena, Montana

       For Intervenor State of Montana:

       Austin Knudsen, Montana Attorney General, Christian B. Corrigan, Solicitor General, Brent Mead, Deputy Solicitor General, Helena, Montana

Submitted on Briefs:  July 17, 2024
Decided:  October 15, 2024

Filed:

          _____
                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Hazel Noonan (Noonan) appeals an order from the First Judicial District Court, Lewis and Clark County, affirming a Justice Court permanent protective order against her.

¶3     We affirm.

¶4     The Justice Court granted a protective order after finding that Noonan subjected John Michael Connors' (Connors) son, E.C., "to cruel and unusual harassment" for an entire year, causing psychological damage requiring counseling.  The Justice Court made several findings around Noonan's behavior, including that she stared through windows at E.C., made physical contact with members of the Connors family, and repeatedly taunted, harassed, and intimidated E.C. and his family.  The Justice Court determined Noonan intended her behavior to intimidate, harass, and cause "damaging complaints" toward the Connors family.  The court found that Noonan was stalking E.C. and his family.  The facts are not disputed in this appeal.

¶5     Noonan appealed the Justice Court protective order to District Court, arguing, in relevant part, that the allegations against her involved constitutionally protected speech. Noonan additionally argued that Montana's stalking statute is unconstitutional under

*Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106 (2023), and thus may not form the basis for a protective order.

¶6     The District Court ruled that Noonan's conduct was not afforded First Amendment protection because the speech was intended to impugn E.C.'s character and embarrass and traumatize him.   The District Court further held that Noonan misconstrued the stalking statute, § 45-5-220, MCA, and the statute is constitutionally sufficient.

¶7     Noonan raises substantially the same arguments on appeal that she raised below.

¶8     Our review of constitutional questions is plenary. *Williams v. Bd. of Cnty. Comm'rs*, 2013 MT 243, ¶ 23, 371 Mont. 356, 308 P.3d 88.

¶9     The District Court correctly determined that Noonan's "speech" was not protected speech.  "[F]ree speech does not include the right to cause substantial emotional distress by harassment or intimidation."  *State v. Cooney*, 271 Mont. 42, 49, 894 P.2d 303, 307 (1995).  Behavior that is intended to embarrass, annoy, or harass is not protected by the First Amendment.  *State v. Helfrich*, 277 Mont. 452, 460, 922 P.2d 1159, 1163–64 (1996) (citing *Colten v. Kentucky*, 407 U.S. 104, 109, 92 S. Ct. 1953, 1956 (1972)); *see also Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72, 62 S. Ct. 766, 769 (1942) ("There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem.  These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words . . . .").

¶10    The Justice Court found that Noonan stared through windows at E.C., repeatedly made faces, passive aggressive motions and intimidating comments towards E.C. and the

3

Connors family, made physical contact with E.C.'s mother, participated in other harassing behavior towards the Connor family, taunted E.C., and made complaints, phone calls, and sent emails—all based on unfounded accusations—that resulted in noticeable embarrassment and trauma to E.C. The Justice Court found "these incidences disturbing and a pattern of behavior by both respondents in an attempt to intimidate and harass [E.C.] and his parents."[1] These facts are uncontroverted, and they fit well within a category of "speech" that is not protected by the First Amendment. *See generally Cooney*; *Helfrich*; *Chaplinsky*. While Noonan may be correct that her speech does not amount to "fighting words," the record indicates that it was at least intended to harass, annoy, and intimidate the Connors family, which is also not protected speech. *Colten*, 407 U.S. at 109, 92 S. Ct. at 1956. Noonan disregards the context of her actions, the Justice Court's findings on intent, and the effect of her behavior on the Connors family. The District Court correctly determined Noonan's behavior was not afforded First Amendment protection.

¶11 The District Court also correctly determined that Noonan's protective order was supported by the stalking statute, § 45-5-220, MCA.

¶12 An individual may file a petition for an order of protection if they, or their children, are victims of stalking. Section 40-15-102(2)(a), (3), MCA. The stalking statute separately provides:

> A person commits the offense of stalking if the person purposely or knowingly engages in a course of conduct directed at a specific person and knows or should know that the course of conduct would cause a reasonable person to:

---

[1] Noonan's daughter was also issued an order of protection and appealed. *See Murray v. Connors*, No. DA 23-0482, 2024 MT ___, ___ Mont. ___, ___ P.3d ___.

4

(a) fear for the person's own safety or the safety of a third person; or

(b) suffer other substantial emotional distress.

Section 45-5-220(1), MCA.

¶13 The United States Supreme Court recently overturned a stalking statute in Colorado, finding the statute unconstitutional because it contained an objective mens rea element when the First Amendment requires "some subjective understanding of the threatening nature" of certain statements. *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 2111 (2023).

¶14 Noonan argues that, as applied to her, § 45-5-220, MCA, is constitutionally defective for the same reason as in *Counterman*. The facts of this case are distinguishable, however, because Noonan was neither charged nor convicted of violating § 45-5-220, MCA. Section 40-15-102(2)(a) and (3), MCA, the order of protection statute, does not require a conviction to grant a protective order, which is logical given a protective order would provide little recourse if criminal proceedings had to resolve before a victim received court protection from the offender. The civil nature of a protective order proceeding means that a trial court need only find a violation of one of the offenses enumerated under the protective order statute on a preponderance of the evidence. The record contains sufficient evidence, and the Justice Court specifically found, that Noonan had the subjective intent to cause the embarrassment and trauma that E.C. and the Connors family suffered as a result of her actions. Whether § 45-2-220, MCA, is unconstitutional under *Counterman* is not at issue.

5

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE